UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA LYNN RYMER,

    Plaintiff,

v.

Case No: 2:16-cv-763-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Barbara Lynn Rymer seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.[1]

### I. Issues on Appeal[2]

Plaintiff raises three issues on appeal:[3] (1) whether substantial evidence supports the Administrative Law Judge's ("ALJ") findings at step two; (2) whether

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 16, 17.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[3] For clarity and judicial efficiency, the Court will discuss Plaintiff's issues in a different order than presented in her brief.

the ALJ properly evaluated medical source opinions; and (3) whether the ALJ properly found Plaintiff could perform her past relevant work.

## II. Summary of the ALJ's Decision

On October 19, 2009, Plaintiff filed an application for DIB, alleging her disability began October 31, 2009 due to fibromyalgia.[4] Tr. 469-70, 474. ALJ William E. Sampson held a hearing on January 27, 2016, during which Plaintiff, who was represented by counsel, and vocational exert ("VE") Richard H. Riedl testified. Tr. 21-67. On March 29, 2016, the ALJ issued a decision finding Plaintiff not disabled from October 31, 2009, the alleged onset date, through the date of the decision. Tr. 190-203. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2017 and has not engaged in substantial gainful activity since October 31, 2009, the alleged onset date. Tr. 192-93. Next, the ALJ determined Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, fibromyalgia and interstitial cystitis. Tr. 193. The ALJ then concluded Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 195. The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform light work[5] with certain limitations. Tr. 196. Next,

---

[4] On May 20, 2011, ALJ Arthur J. Schneider issued a decision finding Plaintiff not disabled. Tr. 142-52. The Appeals Council vacated the decision and remanded this case to an ALJ. Tr. 158-59. On February 24, 2014, ALJ M. Dwight Evans issued a second decision finding Plaintiff not disabled. Tr. 164-74. The Appeals Council again vacated this decision and remanded this case to an ALJ on July 28, 2015. Tr. 183-85.

[5] The regulations define light work as work that involves:

the ALJ found that Plaintiff is capable of performing her past relevant work as a retail sales clerk, layaway clerk and nurse assistant. Tr. 202.

## III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[6] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the

---

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

[6] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, — F.3d —, 2017 WL 5077522, at *4 (11th Cir. 2017) (declining to apply SSR 16-3p retroactively to the ALJ's decision); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

### IV. Discussion

#### a. Whether substantial evidence supports the ALJ's findings at step two

At step two, the ALJ determined Plaintiff has "'non-severe' medically determinable impairments of gastrointestinal reflux disease (GERD), headaches, asthma, and bilateral degenerative changes to the hands with carpal tunnel syndrome." Tr. 193. The ALJ explained:

> The undersigned has specifically considered whether these impairments result in more than a minimal effect upon [Plaintiff's] ability to perform

basic work activities. However, there is a lack of evidence that would support specific limitations resultant from said impairments. For example, [Plaintiff] is without imaging of her head/skull/cranium that would indicate [] intracranial abnormality, she is without imaging of her chest that would indicate respiratory infiltrates or significant respiratory abnormality, and esophageal procedures have documented an "essentially normal" upper gastrointestinal system (Exhibit 30F/1; 4F/15). [Moreover], she is without emergency treatment or hospitalization from any of the aforementioned impairments. Finally, as to [Plaintiff's] hands, imaging documents only [show] "mild" degenerative changes to her wrists and hands (Exhibits 33F/41); moreover, during the period in question, outside of injections, she is without more aggressive treatment specific to her hands. Therefore, the undersigned concludes that these impairments do not result in more than a minimal effect on [Plaintiff's] physical or mental ability to perform basic physical and mental work activities. Consequently, for the purposes of this decision, the aforementioned impairments are "non-severe."

Tr. 193 (footnotes omitted).

The ALJ further concluded Plaintiff's cognitive, intellectual and knee disorders are non-medically determinable impairments because:

> The record documents cognitive testing that indicates sub-average cognitive ability (Exhibit 24F). However, the physician who oversaw the [Plaintiff's] cognitive testing, Dr. Kasprzak, specifically reported [Plaintiff] as "evasive" and opined [Plaintiff's] cognitive results invalid and unreliable based upon [Plaintiff's] education, work history, and licensures (Exhibit 24F). Therefore, the undersigned finds that [Plaintiff] is without a medically determinable cognitive or intellectual disorder. As to [Plaintiff's] alleged knee disorder, the undersigned is bound by the language of 20 CFR 404.1512 and 416.912, which directs that the burden of proof of impairment rests with [Plaintiff]. Additionally, 20 CFR 404.1508 and 416.908 dictate that "a physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your [Plaintiff's] statement of symptoms." [Plaintiff's] clinical record is without imaging that would support a knee disorder. In fact, imaging of her knees has returned normal (Exhibit 11F/43). Consequently, the undersigned finds [Plaintiff's] alleged knee problems to be also be non-medically determinable.

Tr. 193-94.

Next, the ALJ determined Plaintiff's medically determinable impairments of depression and anxiety are non-severe because they:

> do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities. . . . In support of this finding, [Plaintiff's] treatment has consisted of no more than prescribed medication and counseling, she is without inpatient psychiatric hospitalization, and her *objective* clinical findings are without significant psychiatric symptomology ([Plaintiff] is routinely documented as normal as to mood, effect and speech, oriented, appropriately groomed, logical and linear as to her thought process, [pleasant affect], and good as [to] insight and judgment; Exhibits 1F/8; l 7F/2, 4; 14F/20; 27F/3; 32F/51; 37F/6; and 33F/27)).

Tr. 194 (emphasis in original). Plaintiff argues the ALJ erred by finding these impairments not severe. Doc. 20 at 18-20. The Commissioner argues the ALJ properly assessed Plaintiff's alleged impairments at step two. Doc. 28 at 6-9.

The Court finds the ALJ properly evaluated Plaintiff's alleged impairments at step two. The Eleventh Circuit has held, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Accordingly, even if the ALJ here erred by finding Plaintiff's certain impairments were non-severe, that was harmless because the ALJ found Plaintiff has several severe impairments, and "that finding is all that step two requires." *Id.* at 825; *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("[T]he finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two.").

Furthermore, Plaintiff alleges the ALJ did not properly consider her impairments without establishing the effect of them on her ability to work. Doc. 20 at 19-20. Instead, Plaintiff relies upon her diagnosis and treatment history, which do not undermine the ALJ's findings, because "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Accordingly, "the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Thus, the Court finds the ALJ properly evaluated Plaintiff's alleged impairments at step two.

*b. Whether the ALJ properly evaluated medical source opinions*

At issue here are the opinions of four physicians: Stanley Rabinowitz, M.D., a physician who performed a consultative examination of Plaintiff on January 5, 2013; Philip Cohen, M.D., and Syd Foster, D.O., state agency medical consultants; and David Bryce, M.D., a physician who treated Plaintiff from August 28, 2010 to September 6, 2012 for her neck, back and knee pain. Tr. 778-92, 852-59, 1272-85.

First, as accurately summarized by the ALJ, the results of the consultative examination performed by Dr. Rabinowitz on January 5, 2013 were generally unremarkable. Tr. 199, 1272-75. Plaintiff did not have any "gastrointestinal abnormality, joint inflammation, deformity, instability, or spasm," and her straight-leg raising test was negative. Tr. 199, 1274. Plaintiff's extremities did not show

any cyanosis, clubbing or edema, and her pulses were normal. Tr. 199, 1274. Plaintiff's cranial nerves were intact, and she had full motor strength in her upper and lower extremities bilaterally. Tr. 199, 1274-75. Plaintiff's tandem gait was intact. Tr. 199, 1275. Nonetheless, Dr. Rabinowitz noted that during the examination, Plaintiff used a cane and "would not walk without using a cane or holding on to objects for reasons which were unclear given the objective findings present." Tr. 1273. He further stated, "[t]here was significant symptom magnification evident." *Id.*

As to the doctor's opinion that Plaintiff used a cane for unclear reasons given the unremarkable findings, the ALJ accorded considerable weight to this opinion. Tr. 199, 1273. The ALJ found this opinion is "consistent with the overall normalcy of the doctor's detailed clinical examination, as well as a clinical record that is without focal or neurological deficit that would support the necessity of an ambulatory aid." Tr. 199, 1273. As to the rest of the examination results, the ALJ found Dr. Rabinowitz's "detailed examination unsupportive of greater limitations than those assessed herein." Tr. 199. Dr. Rabinowitz also completed a medical source statement regarding Plaintiff's physical ability to do work-related activities, but the ALJ did not discuss this assessment in his decision. *See generally* Tr. 190-203, 1279-84.

On February 23, 2010, Dr. Foster assessed Plaintiff's RFC and opined she could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk with normal breaks for a total of 6 hours in an 8-hour workday, sit with normal

breaks for a total of 6 hours in an 8-hour workday and push and/or pull unlimitedly. Tr. 779. Dr. Foster indicated Plaintiff does not have any postural, manipulative, visual, communicative or environmental limitations. Tr. 780-82. Dr. Foster concluded Plaintiff is capable of performing light exertional work with occasional overhead lifting bilaterally. Tr. 785. The ALJ accorded "partial weight" to this assessment because:

> [this] opinion is non-specific as to the rationale behind [Plaintiff's] inability to sit for at least six hours or the aforementioned overhead reaching limitation. Based upon a clinical record that *routinely* documents full upper extremity motor strength, and a lack of upper extremity abnormality, with no objective evidence as to an inability to sit, the undersigned finds there to be lack of support to limit [Plaintiff's] reaching or siting.

Tr. 199-200 (emphasis in original) (footnote omitted).

On June 30, 2010, Dr. Cohen provided a RFC assessment substantially similar to that of Dr. Foster, except Dr. Cohen opined Plaintiff could sit and/or walk with normal breaks for a total of at least 2 hours in an 8-hour workday. Tr. 852-59. Dr. Cohen noted Plaintiff reports that she is able to walk long distances and is on her feet most of the day. Tr. 857. The ALJ afforded partial weight to this assessment because:

> Dr. Cohen opined that [Plaintiff] is capable of less than the full range of the light exertional level, in that she is only able to stand and walk for up to two hours in an eight hour workday (Exhibit 10F). However, Dr. Cohen offers little support for limiting her to no more than two hours of standing or walking. In fact[,] Dr. Cohen [mentions] that [Plaintiff] reported that she is able to walk long distances and that she is on her feet "most of the day" (Id.). Regardless, a clinical record that is absent objectively documented focal deficit as to the ability to stand and walk fails to support such a limitation. Consequently, the undersigned finds

there to be a lack of evidence to support limiting [Plaintiff's] ability to stand and walk.

Tr. 200.

Lastly, Dr. Bryce provided several opinions on Plaintiff's ability to perform work-related activities between August 28, 2009 and September 19, 2012 described by the ALJ as "ranging in opinions from a functional capacity to conduct sedentary to light work, with an extreme opinion as to an inability to conduct any work." Tr. 200, 592, 786-92, 1247, 1252, 1256-57, 1261, 1270-71. The ALJ accorded little weight to them because:

> based upon [Plaintiff's] clinical record, and the absence of *objectively* documented focal deficits or significant symptomatology, said opinions appear to have based upon no more than [Plaintiff's] subjective complaints to the doctor. For example, on the same day that Dr. Bryce opined [Plaintiff is] limited to a light exertional level, she was documented as retaining full motor strength and intact sensory and reflexes, with negative straight leg raise testing (Exhibit 1F/8). It would appear that Dr. Bryce believes that an individual that was found to be without any significant focal or neurological deficit [is] capable of no more than light work. Furthermore, in September 2012, Dr. Bryce reported that [Plaintiff] is "unable to work"; however, he failed to offer any evidence of substance to support said opinion, nor did the doctor indicate any specific limitations that result in [Plaintiff's] inability to work (Exhibit 21F). Although the undersigned has taken into consideration Dr. Bryce's supplied fibromyalgia questionnaire, the undersigned is unable to reconcile the doctor's opinion as to no more than six hours of work (four hours sitting and two hours standing and walking) with the conspicuous normalcy of [Plaintiff's] clinical findings (Exhibit 6F/2). Consequently, the undersigned affords greater weight to the opinion[s] of Dr. Foster and Dr. Cohen, State agency medical consultants with knowledge and experience as to the Social Security disability program and the evaluation of Social Security disability cases, th[a]n that of Dr. Bryce.

Tr. 200 (emphasis in original); *see* Tr. 592, 786-92, 1247, 1252, 1256-57, 1261, 1270-71. By rejecting the opinions of various physicians, Plaintiff argues the ALJ

- 10 -

substituted his judgment for that of medical experts. Doc. 20 at 17-18. The Commissioner responds the ALJ properly assessed various medical source opinions. Doc. 28 at 10-11.

The Court finds the ALJ properly evaluated the medical source opinions. First, the ALJ was not required to assign any weight to the RFC assessments of Drs. Cohen, Foster, Rabinowitz and Bryce because "[a] claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." Tr. 199-200; *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012). Similarly, Dr. Bryce's opinion that Plaintiff is unable to work is not a medical opinion but an issue "reserved to the Commissioner because [it is an] administrative finding[] that [is] dispositive of a case; i.e., that would direct the determination or decision of disability." Tr. 200; *see* 20 C.F.R. §§ 404.1527(d), 416.927(d); *see also* SSR 96-5p, 1996 WL 374183 (July 2, 1996); *Hutchinson v. Astrue*, 408 F. App'x 324, 328 (11th Cir. 2011). The regulations provide that the Commissioner "will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." 20 C.F.R. § 404.1527(d)(2); *see* SSR 96-6p, 1996 WL 374180 (July 2, 1996).

Thus, the ALJ's not according any weight to Dr. Rabinowitz's RFC assessment was a harmless error at most because this error would not have affected the ALJ's ultimate decision. *See generally* Tr. 190-203, 1279-84; *Tillman v. Comm'r, Soc. Sec. Adm.*, 559 F. App'x 975, 975 (11th Cir. 2014) ("Ordinarily, an ALJ's failure to explain the particular weight given to the different medical opinions provided is reversible

error. However, when the ALJ's error did not affect its ultimate findings, the error is harmless."). Furthermore, the ALJ was not required to discuss every piece of medical evidence "so long as the ALJ's decision, as [] here, is not a broad rejection" that leaves this Court with insufficient information to conclude that the ALJ considered Plaintiff's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Second, the ALJ "may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (citation omitted). The ALJ here found appropriate good cause to accord little weight to Dr. Bryce's opinions by holding that his clinical findings do not support them. Tr. 200; *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). The ALJ also properly articulated the weight given to the opinions of Drs. Rabinowitz, Foster and Cohen and explained his rationale, as he was required to do for other consultants, doctors or medical specialists. Tr. 199-200; 20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006). Thus, the Court finds the ALJ did not substitute his judgment for that of medical sources but properly assessed the opinions of Drs. Rabinowitz, Foster, Cohen and Bryce. Tr. 199-200.

### c. Whether the ALJ properly found Plaintiff could perform her past relevant work

The ALJ determined Plaintiff's past relevant work to be a retail sales clerk, layaway clerk and nurse assistant. Tr. 202. Given Plaintiff's RFC and the demands of these jobs, the ALJ found Plaintiff could perform these jobs as actually performed and the work of a nurse assistant as generally performed per the

Dictionary of Occupational Titles ("DOT"). *Id.* In support, the ALJ relied on the testimony of the VE. Tr. 58-65. During the hearing before the ALJ, Plaintiff testified she worked as a caregiver and later as an employee at JC Penney. Tr. 28-32. Based on Plaintiff's testimony, the VE determined her employment at JC Penney was a composite job,[7] classifying it as two different occupations, a retail sales clerk and a layaway clerk. Tr. 58-59. The VE also testified Plaintiff's work as a caregiver was referenced as a nurse assistant in the DOT. Tr. 59-60. The VE testified a hypothetical person with Plaintiff's RFC could perform all of her past relevant work as actually performed. Tr. 61. Nonetheless, the VE stated that according to the DOT, this hypothetical person would not be able to work as a nurse assistant as generally performed. *Id.*

Plaintiff argues the ALJ's finding that she could work as a nurse assistant as generally performed under the DOT is erroneous. Doc. 20 at 20. She further asserts her past employment at JC Penney and work experience as a caregiver do not qualify as past relevant work. *Id.* at 21-22. Plaintiff also claims she could not work as a retail sales clerk because this job exceeds her capabilities. *Id.* at 22-23. The Commissioner responds substantial evidence supports the ALJ's findings. Doc. 28 at 11-13.

First, the Court finds without merit Plaintiff's argument that her work experience as a nurse assistant is not past relevant work because it was

---

[7] A composite job is defined as a job that has "significant elements of two or more occupations and, as such, ha[s] no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982).

accommodated. Doc. 20 at 20-21 (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999)). Plaintiff relies on *Cleveland* to support her argument that accommodated work is not within the scope of past relevant work. Doc. 20 at 21 (citing *Cleveland*, 526 U.S. at 803). On the contrary, *Cleveland* does not stand for the proposition Plaintiff asserts because that case does not address the issue raised here — whether accommodated work may qualify as past relevant work for purposes of Social Security benefits. *See Cleveland*, 526 U.S. at 803-07.

Instead, as another court in this district explained, *Cleveland* stands for the proposition that "an individual may assert claims under the Social Security Act and the Americans with Disabilities Act, despite the apparent conflicting standards inherent in bringing both claims." *See Sheehan v. Comm'r of Soc. Sec.*, No. 2:16-cv-353-FtM-MRM, 2017 WL 4231104, at *15 (M.D. Fla. Sept. 25, 2017) (citing *Cleveland*, 526 U.S. at 806). Likewise, Social Security Ruling 00-1c, issued to address the holding in *Cleveland*, "concerns whether an individual's claim for, or receipt of, disability insurance benefits filed under the Social Security Act (the SSAct) would preclude the individual from pursuing relief under the Americans with Disabilities Act (ADA)." SSR 00-01c, 2000 WL 38896, at *1 (Jan. 7, 2000). Plaintiff offers no other legal support for her argument. Doc. 20 at 21. Thus, the Court finds without merit Plaintiff's argument that accommodated work is not within the scope of past relevant work.

Furthermore, the Court finds the ALJ properly found she could perform her past relevant work as a retail sales and layaway clerk. Tr. 202. Past relevant work

is work a claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it."  20 C.F.R. § 404.1560 (b)(1).  Substantial work activity indicates "work activity that involves doing significant physical or mental activities."  20 C.F.R. § 404.1572(a)(1).  The claimant's work "may be substantial even if it is done on a part-time basis or if [she] does] less, get[s] paid less, or ha[s] less responsibility than when [the claimant] worked before."  *Id.*; *see Squires v. Soc. Sec. Admin., Comm'r*, 441 F. App'x 659, 660 (11th Cir. 2011) (holding the claimant's past relevant work involved significant physical mental activities that qualified as substantial activity, although he worked only part-time).  Hence, the ALJ properly clarified during the hearing that to qualify as past relevant work, Plaintiff need not have performed that job on a full-time basis. Tr. 64; *see* 20 C.F.R. §§ 404.1560(b)(1), 404.1572(a)(1).

Accordingly, the Court finds without merit Plaintiff's argument that her work as a layaway clerk could not be her past relevant work because she only worked in that job for two hours a day.  Doc. 20 at 22; *see* 20 C.F.R. §§ 404.1560 (b)(1), 404.1572.  Plaintiff worked at JC Penney for approximately seven years, from 1995 to 2002.  Tr. 425-27.  Her job responsibilities at JC Penney included serving customers, entering data on computers and checking prices.  Tr. 30.  Plaintiff earned various incomes from her employment, including $5,714.15 during 1995 and $18,650.64 during 2002.  Tr. 425, 427.  Accordingly, the ALJ properly found her employment at JC Penney was within the past fifteen years, lasted long enough for her to learn the work and was performed at substantial gainful levels.  Tr. 202.

The ALJ further properly complied with the Social Security Rulings by inquiring into the particular facts of Plaintiff's composite job of a retail sales and layaway clerk by consulting a VE, who provided individualized information for this job. SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982) (holding that situations involving composite jobs "will be evaluated according to the particular facts of each individual case."). The VE testified Plaintiff could perform all of her past relevant work, including her composite job, as actually performed. Tr. 61. The ALJ properly relied on the VE's testimony to find Plaintiff could perform all of her past relevant work as actually performed. Tr. 202; 20 C.F.R. § 404.1560(b)(2) ("[A VE] may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.").

As Plaintiff argues, the ALJ misstated the VE's testimony in his decision by stating that Plaintiff could work as a nurse assistant as generally performed, although the VE testified Plaintiff could not. Tr. 61, 202; Doc. 20 at 20. Nonetheless, the Court finds this error was harmless at most. *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (citing *Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir.1983)). A claimant is found to be not disabled, if she could perform her past relevant work as either generally performed or actually performed. SSR 82-61, 1982 WL 31387 at *2 (Jan. 1, 1982); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen,* 801 F.2d 1291, 1293-94

(11th Cir.1986)) ("The burden is on the claimant to show that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy."). Here, the ALJ properly found that based on the VE's testimony, Plaintiff could perform all of her past relevant work as actually performed. Tr. 61, 202. As a result, the ALJ's erroneous finding that Plaintiff could perform the work of a nurse assistant as generally performed was harmless because it would not have affected his ultimate decision. *Hunter*, 609 F. App'x at 558 (citing *Diorio,* 721 F.2d at 728).

Lastly, Plaintiff argues the ALJ erred by not including the frequency of her bathroom visits in assessing her RFC and posing a hypothetical to the VE. Doc. 20 at 23-24. "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." *Ingram*, 496 F.3d at 1270 (citation and quotation marks omitted). While an ALJ's hypothetical question must take into account all of a claimant's impairments, *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), the question need not include impairments that the ALJ has properly determined to be unsupported by the evidence in the record. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Here, the ALJ included in Plaintiff's RFC that she "would need ready access to bathrooms (within five (5) minutes from workstation to bathroom)." Tr. 196. The ALJ also included this limitation in his hypothetical to the VE. Tr. 60. The Court finds no error with the hypothetical. *See Crawford*, 363 F.3d at 1161; *Ingram*, 496 F.3d at 1270.

It is a claimant's burden to prove that her past work experience is not past relevant work, or she unable to perform her past relevant work. *Barnes*, 932 F.2d at 1359; *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990)). Based on the findings above, the Court finds Plaintiff did not satisfy her burden to prove that her past work experience is not past relevant work, or she unable to perform her past relevant work. Doc. 20 at 20-24; *Barnes*, 932 F.2d at 1359; *Battle*, 243 F. App'x at 522 (citing *Lucas*, 918 F.2d at 1571). Thus, the Court find substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work.

## V.     Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff was not disabled from October 31, 2009 to March 29, 2016 is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     The decision of the Commissioner is **AFFIRMED**.

2.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of November, 2017.

*signature*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record